UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GEICO INDEMNITY INSURANCE COMPANY,**

    **Plaintiff,**

vs.                                                Case No. 8:14-cv-01177-T-27TGW

**POLLIE DEGRANDCHAMP,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Complaint for Declaratory Relief and Incorporated Memorandum of Law (Dkt. 8), and Plaintiff's amended response (Dkt. 15). Upon consideration, Defendant's motion is GRANTED.

### *Background*

This action stems from an insurance dispute between Plaintiff GEICO Indemnity Insurance Company ("Geico") and its insured, Defendant Pollie DeGrandchamp. (Dkt. 1, Complaint, ¶¶ 2, 7). DeGrandchamp claimed she suffered neck injuries in an automobile accident in 2006, when her vehicle was struck by a vehicle driven by Harding Pavlich. (*Id.* at ¶¶ 8, 10). DeGrandchamp sued Geico, her underinsured motorist benefits carrier, and Pavlich in Florida state court, later dismissing Pavlich as a defendant. (*Id.* at ¶¶ 15-18, 28). A jury rendered a verdict in favor of DeGrandchamp for $481,268.79, which was reduced to $340,789.37, and in 2010 judgment was entered against Geico for $10,000, pursuant to the limits of DeGrandchamp's policy. (*Id.* at ¶¶ 29-34). DeGrandchamp attempted to amend her state complaint to add a claim for "bad faith" against Geico

1

for refusal to settle her underinsured motorist claim in 2010, which was denied by the state court. (*Id.* at Ex. E). The parties agree a bad faith action against an insurer in this situation can be brought only if there is a final judgment on the plaintiff's damages and the liability of the uninsured tortfeasor. (Dkt. 8 ¶ 5; Dkt. 15 at 6-7). After further litigation regarding the amount of damages, DeGrandchamp again tried to amend her complaint to add a claim for bad faith against Geico in February 2014. (*Id.*) While the amendment was pending, Geico filed this action against DeGrandchamp, seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 *et. seq.* that Geico had fulfilled all obligations under the insurance policy. (Dkt. 1 ¶¶ 1-2). The state court entered an amended final judgment in June 2014, which appears to have not included DeGrandchamp's proposed amendment. (Dkt. 8-1). DeGrandchamp noticed an appeal of the amended final judgment in state court in July 2014 (*id.*), and subsequently filed the pending motion to dismiss Geico's federal complaint for lack of ripeness. DeGrandchamp argues because the state court's amended judgment is the subject of an appeal, it lacks the requisite finality for a bad faith action to lie, and therefore the declaration Geico seeks is premature.

## *Standard of Review*

Although DeGrandchamp's motion to dismiss is styled as a motion pursuant to Fed. R. Civ. Pro. 12(b)(6), it is more properly characterized as an attack on subject-matter jurisdiction, pursuant to Fed. R. Civ. Pro. 12(b)(1). "The determination of ripeness goes to whether the district court had subject matter jurisdiction to hear the case." *Digital Props. v. City of Plantation*, 121 F.3d 586, 591 (11th Cir. 1997) (quotation omitted). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can be based on facial or factual grounds. *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). A factual attack challenges the "existence of

subject matter jurisdiction in fact." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (quotation omitted). When a factual attack is made, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981)).

## *Discussion*

The ripeness doctrine "asks whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Cheffer v. Reno*, 55 F.3d 1517, 1524 (11th Cir. 1995). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Harris v. Mexican Specialty Foods*, 564 F.3d 1301, 1308 (11th Cir. 2009) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)). An "abstract or hypothetical dispute" is not "ripe for judicial review." *Georgia Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1298 (11th Cir. 1999). In determining whether an issue is ripe for adjudication, courts consider "(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration." *Digital Props.*, 121 F.3d at 589. The Supreme Court and Eleventh Circuit consider three factors in applying the fitness and hardship prongs: "(1) whether delayed review would cause hardship to the plaintiffs; (2) whether judicial intervention would inappropriately interfere with further administrative action; and (3) whether the courts would benefit from further factual development of the issues presented." *Pittman v. Cole*, 267

F.3d 1269, 1278 (11th Cir. 2001) (quoting *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 733 (1998)).

Here, Geico's claim "rests upon contingent future events" and is not "sufficiently mature" for adjudication. The parties agree that under Florida law, a bad faith claim based on an insurer's refusal to settle a claim by its insured concerning uninsured motorist benefits ripens only when there has been "determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages." *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991); *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275-76 (Fla. 2000). Here, the amended final judgment appeared to determine both the liability of the uninsured tortfeasor (Pavlich) and DeGrandchamp's damages. *See* Dkt. 8-1. DeGrandchamp, however, noticed an appeal to the amended final judgment. *See id.*

As the amended final judgment is under appeal, the conditions precedent to the filing of a bad faith action – a determination of the uninsured tortfeasor's liability and the insured's damages – have not been satisfied. In Florida, a judgment that is being appealed becomes final only after the appellate court has affirmed the judgment and motions for rehearing have been denied or waived. *Silvestrone v. Edell*, 721 So. 2d 1173, 1175 n.2 (Fla. 1998). To adjudicate the parties' dispute at this stage, it would be necessary to engage in "impermissible speculation" about future events. *Harris*, 564 F.3d at 1310. *See Jacks v. Wells Fargo Bank, N.A.* 642 F.3d 1323, 1332 (11th Cir. 2011) (holding that court lacks jurisdiction over "claims [that] are based on events that may take place in the future").

Moreover, both of the prongs of the ripeness inquiry point against jurisdiction. The speculative nature of the claims makes them unfit for jurisdiction, *Pittman*, 267 F.3d at 1278.

Geico's only claim of hardship is that if DeGrandchamp is allowed to assert the bad faith claim as part of her state court case pending since 2008, Geico may be unable to remove the action to federal court.[1] This (speculative) argument does not rise to level of hardship required by the ripeness inquiry. In *Pittman*, the Eleventh Circuit explained that hardship required a showing of adverse legal effects or practical harm to the plaintiff's present interests, neither of which is present here. 267 F.3d at 1280-81.

Geico also argues that the notice of appeal and related documents show DeGrandchamp is not appealing either the amount of her damages or the uninsured tortfeasor's liability. Because DeGrandchamp has attacked the factual basis for subject matter jurisdiction by arguing that the appeal makes the claim unripe, "no presumptive truthfulness" attaches to Geico's allegations. *Lawrence*, 919 F.2d at 1529. Geico has not been able to show, nor likely could it at this stage of the appeal because briefing has not yet begun, that DeGrandchamp's appeal does not question the amount of her damages.[2] Further, this Court will not inquire into DeGrandchamp's litigation strategy in state court. Geico's claim for a declaratory judgment is not ripe for adjudication and subject matter jurisdiction is lacking.

---

[1] Even if this case were ripe for adjudication, the factors enumerated in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) may have be considered before federal jurisdiction were exercised over the claim.

[2] Several motions on remittitur appear among the 44 items DeGrandchamp has included in her appellate record. *See* Dkt. 12-4.

*Conclusion*

Accordingly, Defendant's motion to dismiss (Dkt. 8) is **GRANTED**. Plaintiff's complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**DONE AND ORDERED** this 20th day of October, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record